[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING PLAINTIFF'S MOTION FOR CONTEMPTAND ORDER CODED NO. 134
The plaintiff has filed a motion for contempt coded No. 134. The issue before the court regarding this motion has to do with a prior order of the court at the time the legal separation was entered on July 2, 1997, in which the court ordered the defendant to pay to the plaintiff $6000 from the People's Bank money market account. The plaintiff alleges that that money has not been paid. The remaining allegations in the motion have not been pursued as the defendant has complied with the other orders of the court referred to in the motion. The defendant claims payment in full.
In determining whether the defendant has paid the plaintiff in full, it is necessary to determine the total sums of money due from the defendant to the plaintiff and the amount paid by the defendant. The defendant was ordered to pay to the plaintiff, as pendente lite alimony, the sum of $2600 monthly. The evidence underlying the legal separation trial completed on March 27, 1997. The memorandum of decision was filed on July 2, 1997. The amount owed under the pendente lite order from March 27, 1997 to July 2, 1997, amounts to $8227.40 calculated as follows: (a) the $2600 monthly amounts for the months of April, May and June total $7800; (b) there are five additional days at the per diem rate of CT Page 11687 $85.48 per day for a total of $427.40, which when added to the $7800 amounts to a total of $8227.40. Under the orders entered in the legal separation, the defendant was to pay to the plaintiff $450 weekly alimony. There are a total of fifteen weeks from July 2, 1997 to the date of this hearing on October 14, 1997, for a total due of $6750, which when added to the pendente lite amount due of $8227.40, amounts to total alimony payments due of $14,977.40. Defendant's exhibit three is a summary of alimony payments made by the defendant to the plaintiff totalling $14,550. The court is excluding from that list a $1000 payment made on March 18, 1997, as that payment was made prior to the date that the evidence in the trial was completed. The court is also excluding the $900 "Schedule" payment, as that is a claim that arises out of plaintiff's exhibit one which the court will address in this decision. Therefore, the total amount of credit given to the defendant from defendant's exhibit three is $12,650. The defendant also made other payments to the plaintiff for which he is seeking credit. Plaintiff's exhibit one is a list of the payments for which he seeks credit. That list totals $7577. The court is disallowing the claim for $143 arising out of the rental of a truck and an assistant to help the plaintiff move the contents of her home from a business. The court is also disallowing the $500 claim that arises out of a payment the defendant made to the plaintiff's landlord. That payment was made in order to obtain records that the parties subsequently used in filing a joint tax return that resulted in an approximate $12,000 refund that the parties shared equally. The court is, therefore, allowing total credits to the defendant from plaintiff's exhibit one of $6934. The total credits allowed to the defendant since the date the legal separation trial ended amount to $12,650 plus $6934 or $19,584. The total amount due from the defendant to the plaintiff for pendente lite orders and legal separation alimony orders amounts to $14,977.40, which when subtracted from $19,584 leaves an overpayment of $4606.60. The court is applying the $4606.60 to the $6000 amount that the defendant was to transfer to the plaintiff from the People's Bank account, leaving $1393.40 due to the plaintiff under paragraph E8 of the court's memorandum of decision. The court is also ordering the defendant to pay counsel fees in the amount of $350 for a total amount due of $1743.40. That amount is to be deducted from the defendant's share from the net proceeds from the sale of the Newtown property.
Axelrod, J. CT Page 11688